# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |
|---|---|
| ALTRIA GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No.: |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff, Altria Group, Inc. ("Altria"), on behalf of itself and its consolidated subsidiaries, alleges and states the following:

## NATURE OF THE ACTION

1.      This action arises under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code (the "Code"), for the recovery of U.S. Federal income taxes in the amount of $9,274,072 with respect to Altria's 2012 tax year, plus interest thereon as provided by law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 6532(a)(1), 26 U.S.C. § 7422(a), and 28 U.S.C. § 1346(a)(1).

3.      Altria timely filed its 2012 tax return reporting its U.S. Federal income tax liability for the 2012 tax year (the "2012 Tax Return"). The 2012 Tax Return was electronically filed with the Internal Revenue Service ("IRS") Service Center in Ogden, Utah.

4.      Altria timely and fully paid its U.S. Federal income tax liability for the 2012 tax year. 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145 (1960).

5.      The Internal Revenue Service ("IRS") audited Altria's return and made certain adjustments, detailed below.  Altria paid the tax and interest resulting from the IRS adjustments.

6.      On September 13, 2018, Altria timely filed a Form 1120X Amended U.S. Corporation Income Tax Return claiming a refund of $9,274,072 ("2012 Refund Claim").  The 2012 Refund Claim is attached as Exhibit A, and each of the statements and contentions set forth in the 2012 Refund Claim is incorporated by reference.

7.      By letter dated June 6, 2019, the IRS notified Altria that it had disallowed in full Altria's claim for refund for the 2012 tax year.  (Attached as Exhibit B).

8.      Altria has made full payment of its U.S. Federal income taxes for the 2012 tax year, timely filed its 2012 Claim for refund, and timely files this Complaint for refund of U.S. Federal income taxes. *See* 26 U.S.C. § 7422(a); 28 U.S.C. §§ 2401(a), 2501. Therefore, jurisdiction is proper.

9.      Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1402(a)(2) because Altria's principal place of business is in Richmond, Virginia.

## PARTIES

10.      Altria is a holding company incorporated under the laws of the Commonwealth of Virginia.  Its principal place of business and mailing address for correspondence with the IRS is located at 6603 W. Broad Street, Richmond, Virginia 23230.  Altria's Federal Employer Identification Number is 13-3260245.  Altria is the parent corporation of a number of wholly and partially owned subsidiaries.  Altria and certain subsidiaries filed a consolidated U.S. Federal income tax return, the 2012 Tax Return.

11.      Defendant is the United States of America.

2

# FACTUAL BACKGROUND

### A.     Background

12.     Philip Morris USA, Inc. ("Philip Morris") is a wholly owned subsidiary of Altria.

13.     Philip Morris is included on Altria's 2012 consolidated Federal Income Tax Return.

### B.     The Williams Estate Litigation

14.     On May 21, 1997, the Estate of Jesse D. Williams ("Williams Estate") filed a complaint in Oregon Circuit Court against Philip Morris, which has now been renamed Altria,[1] for claims arising from Mr. Williams's cigarette use.  *See Williams v. Philip Morris, Inc.*, 127 P.3d 1165, 1167-68 (Or. 2006).

15.     On April 1, 1999, the jury returned a verdict in favor of the Williams Estate.  The jury awarded economic damages of $21,485.80, noneconomic damages of $800,000, and punitive damages of $79.5 million.  *Id.* at 1171.

### C.     Oregon's Split-Recovery Statute

16.     Following the jury's verdict, the State of Oregon ("Oregon" or the "State") claimed that it was entitled to a portion of the punitive damages awarded to the Williams Estate under its "split recovery statute," which states:

> (1) Upon the entry of a verdict including an award of punitive damages, the Department of Justice shall become a judgment creditor as to the punitive damages portion of the award to which the Criminal Injuries Compensation Account is entitled pursuant to paragraph (b) of this subsection, and the punitive damage portion of an award shall be allocated as follows:
>
> (a) Forty percent shall be paid to the prevailing party.
> . . .

---

[1]     In 2003, Philip Morris Companies, Inc. was re-named Altria Group, Inc. For convenience, all references to Altria refer to Altria Group, Inc. or Philip Morris USA, its wholly owned subsidiary.

(b) Sixty percent shall be paid to the Criminal Injuries Compensation Account of the Department of Justice Crime Victims' Assistance Section to be used for the purposes set forth in ORS chapter 147.

Or. Rev. Stat. ("O.R.S.") § 31.735 (2005).

17.     Oregon's split-recovery statute does not impose any liability, nor does it alter the amount of punitive damages awarded by a civil jury.  Instead, it redirects a portion of such damages from the plaintiff to the State.

### D.     Litigation over Oregon's Split-Recovery Statute

18.     Altria appealed the imposition of any payment to Oregon under Oregon's split-recovery statute citing the release under a Master Settlement Agreement ("MSA").

19.     In 1998, Philip Morris entered into the MSA with various other cigarette manufacturers (the "Participating Manufacturers"), on the one hand, and 46 U.S. states, five U.S. territories and the District of Columbia (the "Settling States"), on the other hand, to resolve claims relating to the sale and use of tobacco products.  Exhibit A at 2.

20.     Oregon is one of the Settling States.

21.     The MSA defines Claims as follows: "any and all manner of civil (i.e., non-criminal): claims, demands, actions, suits, causes of action, damages (whenever incurred), liabilities of any nature including civil penalties and punitive damages, as well as costs, expenses and attorneys' fees . . . known or unknown, suspected or unsuspected, accrued or un-accrued, whether legal, equitable or statutory."  *Id.* at 2.

22.     The MSA defines Released Claims as follows: "[Claims] for past conduct, acts or omissions (including any damages incurred in the future from such conduct, acts or omissions), those Claims directly or indirectly based on, arising out of or in any way related, in whole or in part, to (A) the use, sale, distribution, manufacture, development, advertising, marketing or

health effects or, (B) the exposure to, or (C) research, statements or warnings regarding Tobacco Products." *Id.* at 2.

23. In exchange for substantial, ongoing payments from the Participating Manufacturers, the Settling States released the Participating Manufacturers from Released Claims.

24. Altria claimed that it had no liability to Oregon under its split-recovery statute because the MSA reached with the State released it from any liability to the State arising out of its sale of tobacco products.

25. Ultimately, the Oregon Supreme Court held in favor of Oregon, concluding that:

> [T]he state's interest under [O.R.S. §] 31.735 . . . is *not* directly or indirectly based on, arising out of, or related in any way to the conduct that formed the basis for the estate's claims in *Williams*. Rather . . . the state's interest arises by operation of law in any case in which punitive damages are awarded, without regard to the nature of the underlying litigation. . . . [T]he state's interest in 60 percent of the punitive damages award in *Williams* is not a 'Released Claim' for tobacco-related conduct under the MSA, and . . . the state did not release its right to that share of the punitive damages award in that case when it executed the MSA.

*Williams v. RJ Reynolds Tobacco Co.*, 271 P.3d 103, 114 (Or. 2011).

26. During the appeal of Altria's liability under Oregon's split-recovery statute, the Williams Estate and Oregon entered into an agreement under which Oregon would receive 33.33 percent of the punitive damages award, instead of the 60 percent required by the statute, and the remaining 26.67 percent of Oregon's statutory portion would be paid to the Williams Estate if a court were to conclude that Altria was not released from liability by the MSA. *Id.* at 107 n.7.

27. After the Oregon Supreme Court's decision in *Williams v. RJ Reynolds*, Altria paid 33.33 percent of the award, or $26,497,350, plus interest, to Oregon's Criminal Injuries

Compensation Account.  Exhibit A at 3.  Altria paid the remainder of the punitive damages

award, plus interest, to the Williams Estate.

     **E.      Altria's Federal Income Tax Reporting of the Williams Estate Punitive Damages Award**

28.      Section 162(a) of the Code states: "There shall be allowed as a deduction all the

ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade

or business . . . ."

29.      "Amounts paid as punitive damages incurred by the taxpayer in the ordinary

conduct of its business operations are deductible as an ordinary business expense under section

162 of the Code."  Rev. Rul. 80-211, 1980-2 C.B. 57.

30.      In 2012, section 162(f) of the Code provided an exception to the general rule that

business expenses are deductible: "No deduction shall be allowed under subsection (a) for any

fine or similar penalty paid to a government for the violation of any law."

31.      In determining whether an amount is a "fine or similar penalty" under section

162(f), the origin of the liability giving rise to the payment controls.  *Bailey v. Comm'r*, 756 F.2d

44, 46-47 (6th Cir. 1985).

32.      In this case, the origin of the liability is a deductible award of punitive damages.

The mere redirection of the award from the Williams Estate to Oregon under the state's split-

recovery statute does not transform a deductible payment of punitive damages into a non-

deductible fine or penalty.  As the Oregon Supreme Court has held "[t]he effect of [the Oregon

Split Recovery Statute] . . . is not to modify a jury's assessment of punitive damages, but,

instead, to modify the way in which those damages are distributed."  *DeMendoza v. Huffman*, 51

P.3d 1232, 1245 (Or. 2002) (emphasis omitted).

33.     Alternatively, Oregon's split-recovery statute did not impose any liability and did not seek to sanction any conduct and, for those independent reasons, is not a fine or penalty subject to section 162(f).

34.     The decision by Oregon's Supreme Court that the MSA did not release Altria from liability under the state's split-recovery statute proves both that the origin of Altria's liability to the state is the jury's award of punitive damages and that the split-recovery statute does not impose a fine or penalty.

35.     The Oregon Supreme Court held that Altria was not released from liability under the split-recovery statute because Altria's liability was not "related in any way to the conduct" giving rise to the punitive damages. *RJ Reynolds Tobacco*, 271 P.3d at 114. Instead, Altria's liability arose "by operation of law . . . without regard to the nature of the underlying litigation." *Id.*

36.     On its 2012 Tax Return, Altria deducted both the portion of the punitive damages award paid to the Williams Estate, and the portion of such award paid to Oregon pursuant to the state's split-recovery statute (in each case, including the interest thereon).

37.     The IRS examined Altria's 2012 Tax Return and disallowed the portion of the punitive damages award paid to Oregon, claiming such amount was a "fine or similar penalty" under section 162(f). Exhibit B at 3.

38.     The IRS did not contest Altria's deduction for the portion of the punitive damages award paid to the Williams Estate.

39.     Altria paid the tax resulting from the IRS adjustment, $9,274,072, plus interest, and filed the refund claim giving rise to this action.

40.     The IRS improperly and unlawfully failed to refund to Altria the amount of U.S. federal income taxes paid for the 2012 tax year in the amounts claimed in the 2012 Refund Claim.

## COUNT ONE

41.     Altria repeats and incorporates by reference the allegations contained in paragraphs 1 through 40 above, as if fully set forth herein.

42.     Altria's tax reporting of the deduction for the punitive damages award paid to Oregon under its split-recovery statute complied with the requirements of the Code and the regulations thereunder, and any applicable common law.

43.     The IRS erroneously and illegally denied Altria's claim for a refund of the overpayment of tax and interest for the 2012 tax year relating to the punitive damages award. The grounds upon which the IRS denied the claim are erroneous, unsupported by the facts, and contrary to applicable tax law.

44.     For taxable year 2012, Altria is entitled to a refund in the amount of $9,274,072 plus interest as provided by law, or such greater amount of taxes and interest, including overpayment interest thereon, as provided by law.

45.     For taxable year 2012, to the extent that any additional adjustments are made, Altria is entitled to appropriate offsets under the law.

## PRAYER FOR RELIEF

WHEREFORE, Altria respectfully requests the following relief on its claim in this case:

(1)     That Altria be refunded the total sum of $9,274,072 with regard to the overstatements of income, unclaimed credits, and overstatements of tax described above for the 2012 tax year, and such further amounts as may be calculated due to corresponding correlative

adjustments or such greater amount as is legally refundable, plus statutory interest as allowed by law;

      (2)     Altria be awarded its costs of this action; and

      (3)     Altria be granted such other and further relief as this Court deems appropriate.

Respectfully submitted this 10th day of December 2019.

_____/s/_____
Todd D. Kelly (Va. Bar No. 92331)
Royce Tidwell*
Jennifer Gindin*
Sanessa Griffiths*
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC  20005
Telephone:   (202) 371-7000
Facsimile:   (202) 393-5760
Email:   todd.kelly@skadden.com
       royce.tidwell@skadden.com
       jennifer.gindin@skadden.com
       sanessa.griffiths@skadden.com

*Attorneys for Plaintiff Altria Group, Inc.*

* Pending Application to Qualify as a Foreign Attorney Under Local Rule 83.1(D).